### TIEDEMAN & BRO. v. MAYER & LIGHTSEY.

Res Judicata—Surety—Appeal Bond—Verdict.—The defense that
judgments had been rendered by magistrate upon insufficient notice,
and without jurisdiction, cannot be set up to a suit on appeal bond,
and Judge may direct verdict for plaintiff.

Before Hudson, special J., Barnwell, February, 1900.
Affirmed.

Action on appeal bond by George W. Tiedeman & Bro.
against Mayer & Lightsey and John W. Deer. From order
of Circuit Court holding questions raised by answer to be
*res judicata,* and directing verdict, defendants appeal.

*Mr. I. L. Tobin,* for appellant.

*Messrs. R. C. Hardwick* and *Jno. R. Bellinger,* contra.

July 5, 1900.   The opinion of the Court was delivered by
MR. JUSTICE POPE.   The plaintiff sued the defendants in
the Court of Common Pleas for Barnwell County to recover
the sum of $324.46, with interest thereon from the 24th day
of November, in the year 1898, and costs.   The complaint
set out four causes of action—one for $67.79, and $7 as
costs, with interest thereon from the 24th November, 1898;
one for $84.79, and $7 as costs, with interest thereon from
the 24th November, 1898; and one for $99.53, and $7 as
costs, with interest thereon from the 24th November, 1898,
and one for $44.35, and $7 as costs, with interest thereon
from the 24th November, 1898.   In order the readier to
apprehend the issues here to be considered, it will be better
that one cause of action, in its entirety, be reproduced, as all
the other causes of action are identical with the first cause
of action except in the amount.   "1. That at the time here-
inafter mentioned, they, the said George W. Tiedeman and
Irvin B. Tiedeman, were and still are partners in trade,
under the firm name of George W. Tiedeman & Bro., and
that at the same time the defendants, J. C. Mayer and J. L.
Lightsey, were partners, under the name of Mayer & Light-
sey.   2. That on the 2d day of April, 1898, the plaintiffs,
as partners as aforesaid, recovered a judgment in the court
of Magistrate A. P. Woodward, at Blackville, in the county
and State aforesaid, against the defendants, J. C. Mayer and
J. L. Lightsey, copartners as Mayer & Lightsey, for $67.79,
and $5 costs.   3. That on the 5th day of April, 1898, the
said defendants, J. C. Mayer and J. L. Lightsey, copartners
as Mayer & Lightsey, having appealed from said judgment
to the Circuit Court of said county, and the defendant, J.
W. Deer, as their surety, entered into their joint under-
taking, by which, after reciting the said judgment, so re-
covered as aforesaid, and the intention to appeal therefrom,

they undertook that the said appellants would pay all costs and damages which might be awarded against appellants on said appeal, not exceeding $500, and also if the said judgment so appealed from, or any part thereof, should be affirmed, or the appeal be dismissed, the said appellants would pay the amount directed to be paid by the said judgment, or the part of such amount as to which the said judgment should be affirmed only in part, and all damages and costs which should be awarded against said appellants on the said appeal; and the enforcement of said judgment was thereupon stayed as the consideration for such undertaking. 4. That afterwards, to wit: at the November, 1898, term of the Circuit Court of Common Pleas for said county, the said appeal was dismissed, and the judgment of the magistrate's court was affirmed, with costs; and that thereupon a judgment of the said Court of Common Pleas was entered against the appellants in favor of plaintiffs for the said sum of $67.79, with interest thereon from the 24th day of November, 1898, and $7 costs, and execution issued to enforce the same, which has been returned *nulla bona,* and that no part of said judgment has been paid, and the plaintiffs are still the owners and holders thereof."

To the complaint the defendants interposed the following joint answer: "The defendants above named, answering the complaint herein, allege: That the several judgments mentioned in the complaint were taken by default against the defendants, Mayer & Lightsey, upon insufficient notice; that the magistrate had no jurisdiction to enter said judgments against said defendants; that said judgments and the undertaking on appeal upon which this action is brought are null and void."

After argument, the presiding Judge directed a verdict for the plaintiffs on the ground that there was no defense set up in the answer; it admitted the facts set out in the complaint.

The defendant now appeals as follows: "That the Circuit Judge committed error in directing a verdict against the

defendants upon the pleadings in this case, and refusing to allow defendants to show, as alleged in their answer, that the magistrate who rendered the judgment in this case was without jurisdiction, and that the bond upon which this action was brought is null and void."

It should be remembered that the defendant, J. W. Deer, by the stipulations of the bond he signed with his codefendants, Mayer & Lightsey, bound himself to pay whatever sum, under $500, which the Court of Common Pleas for Barnwell County should adjudge his codefendants, Mayer & Lightsey, due in the appeals from the magistrate's judgment against said Mayer & Lightsey. This act, giving the appeal bond by all the defendants, bound them to litigate their liability under said magistrate's judgments in the Court of Common Pleas, to which forum said judgments were transferred for settlement by their joint act. So, when the appeals came on to be heard in the Court of Common Pleas for Barnwell County, inasmuch as that Court is a Court of general jurisdiction, and as such was clothed by law with the full power to hear and determine any and all appeals from a judgment or judgments rendered in the magistrate's court, the judgment of such Court of Common Pleas must be presumed to conclude all questions of law and fact connected with such judgments of the magistrate's court. No appeal was taken from the judgment of such Court of Common Pleas. All these facts and matters of law are set out in plaintiff's complaint herein. They are not denied by the defendants. The answer sets up that the judgments rendered in the magistrate court which they appealed from, were taken by default without sufficient notice. Clearly this attempted issue was included in those decided by the Court of Common Pleas when it heard the appeals. Then the answer says the magistrate was without jurisdiction "to enter said judgments." When the defendants entered no appeal from the judgment of Court of Common Pleas, dismissing their appeal from the magistrate's judgments, all questions which arise, or might have arisen, in the Court of Common Pleas

were settled conclusively against them.    Hence, when all these matters in the case at bar came up before the Circuit Judge, and he held that the answer of defendants set up no issuable defense, he committed no error.

It is the judgment of this Court, that the judgment of Circuit Court be affirmed.